TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
43 Danbury Road
Wilton, CT 06897
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
David Rosenthal

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| David Rosenthal, | Case No.:  2:16-cv-00082 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **FOR VIOLATIONS OF:** |
| Time Warner Cable, Inc., | **1. THE TELEPHONE CONSUMER PROTECTION ACT**<br>**2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff, David Rosenthal (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Time Warner Cable, Inc. (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1.     This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and repeated violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act").

2.     Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3), Cal. Civ. Code 1788.30(f), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4.     Plaintiff is an adult individual residing in Encino, California, and is a "person" as defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

5.     Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

6.     Defendant is a business entity located in New York, New York, and is a "person" as the term is defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

COMPLAINT FOR DAMAGES

7.     Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to Defendant.

9.     Plaintiff's alleged obligation arises from a transaction in which property, services or money were acquired on credit primarily for personal, family or household purposes and is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

10.    At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

11.    At all times mentioned herein, Plaintiff utilized a cellular telephone service and was assigned the following telephone number: 818-XXX-3283 (hereafter "Number").

12.    Defendant placed calls to Plaintiff's Number in an attempt to collect a debt.

13.    The aforementioned calls were placed using an automatic telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice ("Robocalls").

3

14.     Upon answering the calls from Defendant, Plaintiff was met with a Robocall, stating that Defendant was calling regarding an important change to his account.

15.     In or around September 2014, Plaintiff requested that all Robocalls to his Number cease.

16.     Despite Plaintiff's unequivocal request, Defendant continued calling his Number by way of Robocalls at an excessive and harassing rate.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

17.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

18.     The TCPA prohibits Defendant from using, other than for emergency purposes, an ATDS and/or Robocalls when calling Plaintiff's Number absent Plaintiff's prior express consent to do so.  *See* 47 U.S.C. § 227(b)(1).

19.     Defendant's telephone system has the earmark of using an ATDS and/or using Robocalls in that Plaintiff, upon answering calls from Defendant, heard a prerecorded artificial voice.

20.     Defendant called Plaintiff's Number using an ATDS and/or Robocalls without Plaintiff's consent in that Defendant either never had Plaintiff's prior express

4

COMPLAINT FOR DAMAGES

consent to do so or such consent was effectively revoked when Plaintiff requested that Defendant cease all further calls.

21.     Defendant continued to willfully call Plaintiff's Number using an ATDS and/or Robocalls knowing that it lacked the requisite consent to do so in violation of the TCPA.

22.     Plaintiff was harmed and suffered damages as a result of Defendant's actions.

23.     The TCPA creates a private right of action against persons who violate the Act. *See* 47 U.S.C. § 227(b)(3).

24.     As a result of each call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages.

25.     As a result of each call made knowingly and/or willingly in violation of the TCPA, Plaintiff may be entitled to an award of treble damages.

## COUNT II

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.*

26.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

27.     The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

COMPLAINT FOR DAMAGES

28.     Defendant caused Plaintiff's telephone to ring repeatedly or continuously to annoy Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

29.     Defendant communicated with Plaintiff with such frequency as to be unreasonable, constituting harassment, in violation of Cal. Civ. Code § 1788.11(e).

30.     Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A.  Statutory damages of $500.00 for each call determined to be in violation of the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

B.  Treble damages for each violation determined to be willful and/or knowing under the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

C.  Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D.  Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E.  Costs of litigation and reasonable attorneys' fees pursuant to Cal. Civ. Code § 1788.30(c);

F.  Punitive damages; and

G.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

6

DATED:  January 5, 2016                     TRINETTE G. KENT

                                        By: __/s/  Trinette G. Kent__
                                        Trinette G. Kent, Esq.
                                        Lemberg Law, LLC
                                        Attorney for Plaintiff, David Rosenthal

COMPLAINT FOR DAMAGES